IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRAND ENGAGEMENT NETWORK, INC., § § § Plaintiff, § § V. § RALPH WRIGHT BREWER, III, § ET AL., § § Defendants. § | No. 3:25-cv-114-S-BN |

**MEMORANDUM OPINION AND ORDER**

In this lawsuit now referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 42, Plaintiff Brand Engagement Network, Inc.'s ("BEN") requested, on March 27, 2025, that the Clerk of Court enter default against Defendants Automotive Financial Group, Inc., AFG Companies, Inc., AFG Technologies, LLC, CareGard Warranty Services, Inc., Prime Reserve Plus Inc., DeLaporte Learning Inc., DaidaX, Inc. (formerly known as Pathwai, Inc.), and Ben Automotive Inc. (which now appears to be DaidaX, Inc.), because the Court denied as moot Defendants' motion to dismiss the original complaint after BEN filed an amended complaint in response to that motion and Defendants then failed to "file an answer or a responsive pleading on or before March 20, 2025," Dkt. No. 55; *see also* Dkt. Nos. 19, 27, & 31.

First, a response to the amended complaint was due "within 14 days after service of the amended pleading," FED. R. CIV. P. 15(a)(3), which was March 18, 2025, *see* FED. R. CIV. P. 5(b)(2)(E).

Regardless, Defendants moved to dismiss the amended complaint on March 21, 2025. *See* Dkt. No. 53.

So Defendants have not "failed to … otherwise defend" this lawsuit, FED. R. CIV. P. 55(a), and were not in default on March 27, when BEN requested entry of default.

And, even if Defendants' motion to dismiss the amended complaint "was not timely filed," "that does not matter under [Federal Rule of Civil Procedure 55(a)]." *Morales-Alfonso v. Garcia*, CV 15-0200-TUC-JAS (LAB), 2017 WL 1650222, at *1 (D. Ariz. May 2, 2017); *see Hudson v. State of N.C.*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) ("Although there is a surprising lack of authority on the specific point, the court concludes that the lateness of the filing of the Rule 12 motion is irrelevant because the Defendants' motion was filed before the Plaintiff's Motion for Default Judgment. At the time the Plaintiff moved for default judgment, Defendants were no longer in default. Their filing, however late, cured their default and thereafter entry of default would not be appropriate."); *accord VIP Pump Servs., LLC v. Poole*, No. 2:24-CV-00703-JRG, 2024 WL 4519768, at *3 (E.D. Tex. Oct. 17, 2024).

In sum, there is no basis to enter default against Defendants.

And, considering BEN's request, the undersigned cautions the parties that the rules that govern this proceeding must "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1; *see also* FED. R. CIV. P. 1 advisory committee's note, 2015 Amendment (noting the amendment of the rule "to emphasize

that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way").

And, so, it is the Court's expectation that this action will be prosecuted and defended in a manner that does not unduly burden the Court, the other parties or participants, or their counsel.

SO ORDERED.

DATED: March 28, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE