IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRAND ENGAGEMENT NETWORK, INC., | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:25-cv-114-S-BN |
| RALPH WRIGHT BREWER, III, ET AL., | § § § | |
| Defendants. | § § § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO STAY**

United States District Judge Karen Gren Scholer referred this lawsuit to the undersigned United States magistrate judge for pretrial management. *See* Dkt. No. 42; 28 U.S.C. § 636(b).

The Court entered an Initial Scheduling Order under Federal Rule of Civil Procedure 16(b) on January 8, 2026. *See* Dkt. No. 95.

After that, Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and 9(b), on February 26, 2026. *See* Dkt. Nos. 99-101.

More than one month later, Defendants moved to quash Plaintiff's subpoenas to third parties Integris, LLC and Booz Allen Hamilton, *see* Dkt. No. 108, arguing that, because the complaint "includes a securities fraud claim under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5" and their Rule 12(c) motion "expressly seeks dismissal of that claim under the [Private Securities Litigation Reform Act (the "PSLRA)]'s heightened pleading standards," "'all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the

Court finds, on motion, that particularized discovery is necessary to preserve evidence or prevent undue prejudice,'" and no "such motion, and no such finding, exists here,'" Dkt. No. 109 at 5-6 (cleaned up; quoting 15 U.S.C. § 78u-4(b)(3)(B)).

Plaintiff responded in opposition, asserting that this stay does not apply to a motion under Rule 12(c) and, in the alternative, that, if it did, their subpoenas are appropriately targeted. *See* Dkt. No. 110. And Defendants filed a reply brief. *See* Dkt. No. 112.

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B).

Where a motion to dismiss is pending, "[s]tays of discovery under this PSLRA provision are 'automatic.'" *Glazing Emp'rs & Glaziers Union Local #27 Penson & Retirement Fund v. iRhythm Techs., Inc.*, No. 24-cv-00706-JSC, 2025 WL 2243640, at *1 (N.D. Cal. Aug. 6, 2025) (quoting *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 383 (2014)).

"The rationale underlying the stay was to prevent costly extensive discovery and disruption of normal business activities until a court could determine whether a filed suit had merit, by ruling on the defendant's motion to dismiss," and, so, it "protect[s] defendants from plaintiffs who would use discovery to substantiate an initially frivolous complaint." *Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003) (cleaned up).

But, to resolve the parties' dispute, the Court starts with what the statute says.

And, "[w]hen faced with questions of statutory construction, a court must first determine whether the statutory text is plain and unambiguous and, if it is, the court must apply the statute according to its terms." *Burtons v. Warden, FMC-Fort Worth*, No. 4:21-cv-935-P, 2021 WL 6063103, at \*2 (N.D. Tex. Dec. 22, 2021) (citing *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009)).

And, while a motion for judgment on the pleadings remains "subject to the same standard as a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)," *Robinson v. Midland Cnty., Tex.*, 80 F.4th 704, 709 (5th Cir. 2023) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)), the applicable plain and unambiguous statutory text does not include motions for judgment on the pleadings – which by definition may not be filed until "[a]fter the pleadings are closed," FED. R. CIV. P. 12(c).

This interpretation also comports with the rationale underlying the stay – to prevent discovery until a court can determine whether a filed suit has merit – as shown by the procedural history of this case, in which Defendants withdrew their motion to dismiss, *see* Dkt. No. 83, and thus short-circuited the Court's initial merits determination and signaled to the Court that they were ready to move past the pleadings phase, *cf. In re Facebook, Inc. Sec. Litig.*, No. 5:18-cv-01725-EJD, 2025 WL 556282, at \*1 (N.D. Cal. Feb. 19, 2025) ("By its terms, the PSLRA discovery stay does not apply when there is a post-answer motion for judgment on the pleadings under Rule 12(c). This makes good sense. One of the purposes of the PSLRA stay is to prevent plaintiffs from filing frivolous lawsuits and using them as vehicles in order

to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint." (cleaned up)).

And, so, the Court required a responsive pleading and, once an answer was filed, required that the parties meet and confer to facilitate the Court's entering a Rule 16(b) scheduling order. *See* Dkt. Nos. 84, 85, 89, 94, & 95.

Only once discovery was underway did Defendants elect to file their Rule 12(c) motion, and they still waited more than another month after that to move for a stay.

In sum, "timing is everything" – that is, "[t]here is nothing in the statute's language or legislative history that suggests Congress gave defendants the unilateral power to stop further proceedings in their tracks once the pleadings have closed and the court has found the complaint sufficient under the PSLRA's heightened pleading standards" – or once defendants have waived this initial sufficiency challenge by electing to file an answer and then submit a joint proposal that is incorporated into a court-sanctioned pretrial schedule under Rule 16(b)." *Glazing Emp'rs*, 2025 WL 2243640, at *3.

The Court therefore DENIES Defendants' motion to stay [Dkt. No. 108].

SO ORDERED.

DATED: May 6, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE